**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT R. KINCAID, QUOVELLA KINCAID, SHAQUELLA M. KINCAID, minor by her parent, QUOVELLA KINCAID, andVINCENT R. KINCAID, JR, minor, by his parent, and QUOVELLA KINCAID, ) ) ) ) ) ) | | |
| Plaintiff, ) | Case No. 07 C 2759 | |
| ) | | |
| v. ) | Judge Virginia M. Kendall | |
| ) | | |
| DOROTHY BROWN, as Clerk of the Circuit Court of Cook Country, Illinois, THOMAS DART, as Sheriff of Cook County, Illinois, COOK COUNTY, ILLINOIS, UNKNOWN NUMBER OF UNNAMED EMPLOYEES OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, UKNOWN NUMBER OF UNNAMED EMPLOYEES OF THE SHERIFF OF COOK COUNTY, ILLINOIS, KEITH M. GILLEY, and UNKNOWN UNNAMED OFFICERS OF THE ILLINOIS STATE POLICE, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Vincent R. Kincaid ("Kincaid"), Quovella Kincaid, Shaquella M. Kincaid, minor by her parent Quovella Kincaid, and Vincent R. Kincaid, Jr., minor by his parent, Quovella Kincaid (collectively "the Plaintiffs"), bring this action against Dorothy Brown ("Brown"), Thomas Dart ("Dart"), Cook County, Illinois ("the County"), unnamed employees of the Clerk of the Circuit Court of Cook County, Illinois ("Court Employees"), unnamed employees of the Sheriff of Cook

1

County, Illinois ("Sheriff Employees"), Officer Keith M. Gilley ("Gilley"), and an unnamed officer of the Illinois State Police. Brown, Dart, and the County (collectively "the Defendants") move to dismiss Counts I, IV, V, VI, and XIII.

For the reasons stated herein, Counts I, IV, V. and XIII are dismissed with prejudice. Count VI is time-barred against Dart, unknown sheriff employees and the County, and dismissed without prejudice against Brown and the Court Employees.

### Plaintiffs' Allegations

On April 3, 2006, Plaintiffs Kincaid, Shaquella M. Kincaid, and Vincent R. Kincaid, Jr. ("the Kincaids") were driving home from vacation on Route I-57 in Union County, Illinois. Am. Cplt. at 24. Gilley and an unknown officer drove alongside their vehicle for approximately one mile staring at them. *Id*. at 25. The officers stopped the Kincaids' vehicle, and Officer Gilley and an unknown officer performed a search of the vehicle without a warrant. The Kincaids allege that the officers coerced their consent to search the car. *Id*. at 30. Officer Gilley and the unknown officer detained plaintiffs. The officers informed Kincaid that there was a 2001 temporary order of protection against him in their computer system. *Id.* at 32. Kincaid was placed under arrest and handcuffed and he, along with his children, were taken to the police station. *Id.*

Once at the station, Officer Gilley and other unknown officers formally arrested and charged Kincaid with violating an order of protection, speeding, and driving without a license. *Id*. at 33, 34. The officers also issued Kincaid a "stop card and written warning" for improper lane usage and "window obstruction" for having a cap in his window. *Id.* at 34. Gilley and an unknown officer impounded and towed Kincaid's car. *Id*. at 35. On the same date, the officers also filed an abuse and neglect report with the Illinois Department of Children and Family Services ("DCFS"). *Id.* at

36. Kincaid was incarcerated and his children were taken into DCFS custody and assigned to separate foster homes. *Id*. at 37.

Sometime thereafter, Quovella Kincaid, Kincaid's wife, placed several phone calls to an unidentified person and was able to convince an Assistant State's Attorney to intervene and release Kincaid from police custody and the children from DCFS custody. *Id.* at 39. On or about May 16, 2006, all charges brought against Kincaid were dismissed by the court. *Id.* at 40. Since Kincaid was not allowed to retrieve his vehicle, Quovella Kincaid and the children's grandmothers drove from Chicago to pick up the plaintiffs. Thereafter, DCFS told plaintiffs that it would not file a petition for wardship having concluded its investigation of the report of suspected child abuse or neglect. *Id.* at 43.

Plaintiffs allege that the 2001 protection order should have expired and been removed from the police computer database in 2001. *Id.* at 14. They claim that Brown, as an individual, and the unknown Court employees, willfully and wantonly failed to take action, and continue to willfully and wantonly fail to take action to remove the 2001 temporary protection order from the database. *Id*. at 16-17. Plaintiffs also allege that Dart and unknown Sheriff Employees willfully and wantonly failed to take action and continue to willfully and wantonly fail to take action to remove the 2001 protection order. *Id.* at 22.

## DISCUSSION

I.  Standard of Review

When considering a Rule 12(b)(6) motion, the court must accept as true all of the allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). In order to state a claim, a plaintiff must allege facts that

plausibly suggest he is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 2007 WL 1461066, *8 (May 21, 2007). To allege plausible grounds for relief, the complaint must allow a "reasonable expectation" that discovery will reveal evidence of illegality. *Id.* at 1965.

II. <u>Count I seeking injunctive relief against Brown, Dart, and Cook County in their official capacities directly concerns the administration of a state court proceeding</u>.

Count I seeks declaratory and injunctive relief against Brown, in her official capacity, Dart, in his official capacity, and the County. Am. Cplt. ¶¶ 48-54. Plaintiffs allege that because of Brown, Dart, and the County's actions, they have suffered hardship and irreparable harm and "actual and impending damages in that, as long as the expired 2001 order of protection, and other expired orders of protection, are in the police database system, plaintiffs remain vulnerable to the arrest, abuse, and DCFS placements they unjustifiably suffered on April 3, 2006." *Id.* at ¶ 51. Plaintiffs request this Court to declare the conduct of Brown, Dart, and Cook County unconstitutional, to order said defendants to remove and expunge and and all expired order of protection from the police database system, and to enjoin said defendants from enforcing any and all expired order of protection. *Id.* at ¶ 54. Brown, Dart, and Cook County move to dismiss Count I against Brown on the basis that Brown, as the Clerk of the Circuit Court of Cook County, is immune from plaintiffs' official capacity claim under the Eleventh Amendment. Defendants also argue that this Court is not empowered to enter such an order because only the judge of Circuit Court of Cook County has the power to terminate the order of protection.

Federal suits against state officials in their official capacities for damage are prohibited by the Eleventh Amendment. *Porter v. Illinois*, 36 F.3d 684, 691 (7th Cir. 1994). Paragraph 54 of Plaintiffs' First Amended Complaint seeks injunctive relief and not damages. While the Eleventh Amendment precludes a suit in damages, Brown is not immune from suits against her in her official

4

capacity seeking injunctive relief. *Curry v. Pucinski*, 864 F. Supp. 839, 845 (N.D. Ill. 1994). Accordingly, Defendants' Motion to Dismiss is denied on that basis.

Defendants attached the 2001 order of protection as an exhibit to their reply brief. *See* Reply, Ex. 1-2. Kincaid's wife, Quovella Kincaid, initially sought the order of protection based upon Kincaid's physical abuse, harassment, interference with personal liberty, intimidation of a dependent, and stalking. Ex. 1. Now, based upon the pleadings, it appears that Ms. Kincaid no longer seeks enforcement of the order. Plaintiffs seek to enjoin Defendants from prospectively applying the order of protection.

The 2001 order of protection was issued without an expiration date and Defendants contend that without an expiration date, the order remains in LEADS until a judge in the Circuit Court of Cook County terminates the order. Reply, p. 2. In other words, until the Circuit Court of Cook County terminates the proceedings, the Sheriff cannot remove the order of protection from LEADS. *Id*. Defendants argue that this Court should abstain pursuant to the *Younger* abstention doctrine.

Federal courts generally abstain from interfering with ongoing state criminal prosecutions. *See Younger v. Harris*, 401 U.S. 37, 52-54, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971); *see also Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (applying the *Younger* abstention doctrine to claims for damages that might undermine ongoing prosecution and recognizing a stay rather than dismissal as appropriate method of abstention); *see also Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995) (discussing appropriateness of *Younger* abstention even when party is not seeking injunction of state-court proceeding). In *Hogsett*, this Court adopted a three-part test to determine the applicability of the *Younger* abstention doctrine: 1) are there ongoing state judicial proceedings; 2) do the proceedings implicate an important state interest; and 3) is there an adequate opportunity in

5

the state proceeding to raise constitutional challenges? *Trust & Investment Advisers, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir. 1994). If so, the district court must abstain from deciding the controversy. *Id.* at 294. Here, there is no expiration date to the December 12, 2001 order, and therefore, there exists a pending order of protection in the state court proceedings. There is nothing before this Court to indicate that a "final judgment in conjoined proceeding" was rendered. See Ex. 1. Additionally, Illinois Courts have a significant interest in criminal proceedings. *See Younger*, 401 U.S. 37, 46. Finally, in the off-chance that the State Court denies Ms. Kincaid's motion, as the original petitioner, to terminate the order, Plaintiffs will have an opportunity to challenge that finding as well as prospective application of the order, in State Court.[1] Because Plaintiffs' claims directly concern the administration of a state court proceeding, their suit appears to be particularly appropriate for abstention under *Younger* and accordingly, Count I is dismissed with prejudice.

III. Counts IV and V do not allege that Brown and Dart caused or participated in the alleged constitutional deprivation.

Plaintiffs allege that Brown, as an individual, Dart, as an individual, unknown clerk employees, and unknown sheriff employees failed to exercise proper supervisory authority and that their continued inaction denies them of due process. Defendants claim that plaintiffs cannot establish an individual capacity claim under § 1983 since plaintiffs fail to allege personal involvement in the alleged failure to remove the order of protection from the database.

A valid § 1983 claim for damages against a state supervisory official in his or her individual capacity requires "a showing of direct responsibility for the improper action." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). In other words, "an individual cannot be held liable

---

[1] Plaintiffs' constitutional challenges to State's application of the order, retrospectively, are addressed in other Counts of Plaintiffs' First Amended Complaint before this Court.

in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.*; *see also Rascon v. Hardiman*, 803 F.2d 269, 273-74 (7th Cir. 1986) (Section 1983 liability requires the supervisory official "knowingly, willfully, or at least recklessly [cause] the alleged deprivation by his action or failure to act"). Here, Plaintiffs allege that Brown was responsible for entering and correcting information regarding orders of protection to the police, but doesn't allege that Brown was directly responsible for entering and correcting *this* order. While Plaintiffs allege that Brown held supervisory functions, those functions cannot serve as the basis for the § 1983 claim because § 1983 does not allow for respondeat superior liability. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) (to be held liable for conduct of their subordinates, supervisors must have been personally involved in that conduct).

Plaintiffs allege that Brown and Dart "knew and have known about the conduct complained of regarding the 2001 order or protection since 2001, and more particularly, since the commencement of this action on May 16, 2007" and yet, failed to take any action to correct or ameliorate the situation. Am. Cplt. ¶ 16, 21. Even accepting the well-pleaded factual allegations as true, Plaintiffs failed to pleaded facts that suggest direct responsibility for the improper action.

*See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary. *Id.*; (*citing Rizzo v. Goode*, 423 U.S. 362, 371, 46 L. Ed. 2d 561, 96 S. Ct. 598 (1976)). Therefore, Count IV and V against Brown and Dart in their individual capacities are dismissed with prejudice.

7

IV. <u>Count VI is time-barred against Dart, in his individual and official capacity, unknown sheriff employees and Cook County. Count VI is dismissed for failure to state a claim against Brown, in her individual capacity, and unknown clerk employees</u>.

Plaintiffs claim that Brown, individually, and Dart, individually and officially, unknown clerk employees, unknown sheriff employees, and Cook County are liable under Illinois law for willful and wanton misconduct. Defendants claim that under the Illinois Tort Immunity Act ("Act"), the claim is time-barred and they are entitled to immunity.

Defendants allege that this state law claim is time-barred since under the Act, "no civil action may be commenced in any court against a local entity or any of its employees for an injury unless it is commenced within one year of the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101. In an illegal detention claim, the statute of limitations begins tolling on the date of the alleged illegal detention. *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004). Kincaid was illegally detained by Gilley on April 3, 2006, yet plaintiffs did not file the first amended complaint until July 30, 2007. Even if the first amended complaint is assumed to relate back to the original complaint under the Federal Code of Civil Procedure Rule 15(c), the original complaint was filed on May 16, 2007, which was more than one year after the illegal detention.

County sheriffs are protected under the Act, both in their official and individual capacities. See *Anton v. Sheriff of DuPage County,* 47 F.Supp. 2d. 993, 1003 (N.D. Ill 1999); *Delagadillo v. Paulnitsky*, 2007 U.S. Dist. LEXIS 40730, *14 (Illinois courts have made clear that the Tort Immunity Act's one-year statute of limitations applies even where an employee is sued in his individual capacity). Therefore, statute of limitations applies to Dart, both in his individual and

official capacity, and the unknown sheriff employees. Cook County is also protected under the Act and its statute of limitations since a county falls under the definition of "local public entity," 745 ILCS 10/1-206.

However, the clerk of a circuit court is defined under Illinois law as being a state employee. *Hoard v. Reddy*, 1998 U.S. Dist. LEXIS 9395, *4. Since the definition of "local public entity" expressly excludes "the State or any office, officer . . . of the State," Brown and unknown clerk employees are not protected under the Act and the statute of limitations does not extend as to them. 745 ILCS 10-1/206. Therefore, Plaintiffs' state law claim is time-barred against Dart, in his individual and official capacity, unknown sheriff employees and Cook County, but not against Brown, in her individual capacity and unknown clerk employees.

Plaintiffs argue that the applicable statute of limitations has not tolled as to the minor children. Under § 13-211 of the Code of Civil Procedure, "if a person entitled to bring an action . . . at the time the cause of action accrued, is under the aged of 18 years . . . then he or she may bring the action within 2 years after the person attains the age of 18 years." 735 ILCS 5/13-211. Therefore, a claim of a minor tolls the statute of limitations, such as under the Act, until the minor reaches the age of majority. *Pope v. City of Chicago*, No. 95-311, 1996 U.S. Dist. LEXIS 9694, *19 (N.D. Ill. Jul. 11, 1996) (§ 13-211 has been applied to protect minor beneficiaries in wrongful death actions and minor plaintiffs in personal injury actions). However, § 13-211 does not protect derivative actions of parents resulting from the injury to their children. *Id*. at *20 (citing *Fess v. Parke Davis & Co.*, 113 Ill App. 3d 133 (1983); *Swider v. Holy Cross Hosp.*, 146 Ill. App. 3d 740 (1986)). Therefore, the minor children's claims are also time-barred.

Plaintiffs allege that Defendants engaged in willful and wanton misconduct when they failed

9

to, and continue to fail to take action to remove the 2001 order of protection. Whether conduct constitutes willful and wanton misconduct is generally reserved for the trier of fact but a court may decide the issue in determining whether or not a complaint sufficiently alleges such conduct to state a cause of action. *Oravek v. Community School District 146,* 264 Ill. App. 3d 895, 897 (1994) (citing *Ward v. Community Unit School District No. 220*, 243 Ill. App. 3d 968, 975 (1993)). Although we must take all well-pleaded facts as true, we must also disregard mere conclusions of law or fact unsupported by the facts alleged. *Oravek*, 264 Ill. App. 3d at 898 (citing *Capitol Indemnity Corp. v. Steward Smith Intermediaries, Inc.*, 229 Ill. App. 3d 119, 123 (1992); *Washington v. Chicago Board of Ed.*, 204 Ill. App. 3d 1091, 1094 (1991)). The bare characterization of certain acts as willful and wanton misconduct is not sufficient to withstand a motion to dismiss because such misconduct must be manifested by facts alleged in the complaint. *Oravek*, 264 Ill. App. 3d at 898 (citing *Cipolla v. Bloom Township High School District No. 206*, 69 Ill. App. 3d 434, 437 (1979)); see also *Rooney v. Franklin Park District*, 256 Ill. App. 3d 1058, 1061 (1993); *Majewski v. Chicago Park District*, 177 Ill. App. 3d 337, 411 (1988)).

To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. *Oravek*, 264 Ill. App. 3d at 898. In *Rooney*, the court dismissed the hockey player's claim that the referees' practice of placing gym mats in front of bleacher openings was willful and wanton misconduct even though the referees were aware of the danger that falling mats created for the floor hockey participants because the hockey player's complaint contained "no set of facts which, if proved, would establish that the referees deliberately inflicted such a risk of harm to plaintiff in conscious disregard of it." *Rooney*, 256 Ill. App. 3d at 1060, 1063.

In *Brown*, the court dismissed the plaintiff's claim because the defendant's alleged conduct in not removing a mirror on the wall of the park district shower room did not "rise to allegations of willful and wanton misconduct." *Brown v. Chicago Park District*, 220 Ill. App. 3d 940, 943-945 (1991). The court held that although the defendant's employees knew about the existence of the mirror and had even admitted that it should not have been there since it created a great hazard to users of the public shower, the plaintiff failed to allege any intentional act or any act committed under the circumstances exhibiting utter indifference or a reckless disregard for the safety of others. *Id.* at 945.

Similarly, Plaintiffs allege that Defendants failed to, and continue to fail to remove the 2001 order of protection from the computer system, but these allegations simply do not rise to the level of deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of Plaintiffs. Although Plaintiffs allege that Defendants have been aware of the 2001 order of protection, there is no other set of facts which would establish that Defendants deliberately inflicted such risk of harm to Plaintiffs. Therefore, Plaintiffs fail to state a cause of action for willful and wanton conduct.

Accordingly, Plaintiffs' claims against Dart, officially and individually, Cook County, and unknown sheriff employees are dismissed with prejudice as time barred. Furthermore, Plaintiffs' claims against Brown, individually, and unknown clerk employees, are dismissed without prejudice for failure to state a cause of action.

V. <u>Count XIII is dismissed because the DCFS is a quasi-judicial administrative body and thus, a DCFS investigation is not a legal process</u>.

Plaintiffs allege that Gilley and unknown officers engaged in an abuse of process by

11

maliciously filing a false report of abuse or neglect, causing a DCFS investigation to be commenced against Vincent R. Kincaid.

Under Illinois law, an abuse of process claim requires proof of two elements: (1) existence of an ulterior motive or purpose; and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings. *Kirchner v. Greene*, 294 Ill. App. 3d 672 (Ill. App. Ct. 1998). "Process" is defined "as any means used by the court to acquire or exercise jurisdiction over a person or over specific property." *Id.*; *citing Arora v. Chui*, 279 Ill. App. 3d 321, 331). Illinois Courts have specifically declined to expand the tort of abuse of process to include DCFS proceedings since the DCFS is a "quasi-judicial administrative body." *Id*. The *Kirchner* Court held that such expansion would be "baseless in the law," and contrary to the narrow strictures of the tort. *Id*. at 684. Accordingly, Plaintiffs cannot, as a matter of law, establish an abuse of process claim under these set of facts because Gilley and unknown officers allegedly caused DCFS investigations, and not legal proceedings, to be commenced against plaintiffs. Therefore, plaintiffs cannot establish an abuse of process claim against Gilley and unknown officers and Count XIII is dismissed with prejudice.

## CONCLUSION

For reasons stated herein, Counts I and XIII are dismissed with prejudice and Counts IV and V dismissed without prejudice. Count VI is dismissed without prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: November 30, 2007