**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VINCENT R. KINCAID, QUOVELLA KINCAID,** | ) | |
| **SHAQUELLA M. KINCAID, minor, by her parent,** | ) | |
| **QUOVELLA KINCAID, and** | ) | |
| **VINCENT R. KINCAID, JR.,  minor, by his parent,** | ) | |
| **QUOVELLA KINCAID,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 07 C 2759** |
| **v.** | ) | |
| | ) | |
| **DOROTHY BROWN, as Clerk of the Circuit Court of** | ) | **Judge Virginia M. Kendall** |
| **Cook County, Illinois, THOMAS DART, as Sheriff of** | ) | |
| **Cook County, Illinois, COOK COUNTY, ILLINOIS,** | ) | |
| **SAM WILLIAMS, UNKNOWN NUMBER OF** | ) | **Magistrate Judge** |
| **UNNAMED EMPLOYEES OF THE CLERK OF THE** | ) | **Geraldine Soat Brown** |
| **CIRCUIT COURT OF COOK COUNTY, ILLINOIS,** | ) | |
| **MARTHA DICARO, MARGARET BYRNE,** | ) | |
| **UNKNOWN NUMBER OF UNNAMED EMPLOYEES** | ) | **JURY TRIAL DEMANDED** |
| **OF THE SHERIFF OF COOK COUNTY, ILLINOIS,** | ) | |
| **KEITH M. GILLEY, TIMOTHY MERRIMAN, and** | ) | |
| **UNKNOWN UNNAMED OFFICERS OF THE** | ) | |
| **ILLINOIS STATE POLICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SECOND AMENDED CIVIL RIGHTS COMPLAINT**

NOW COME plaintiffs, VINCENT R. KINCAID, QUOVELLA KINCAID,

SHAQUELLA M. KINCAID, minor, by her parent, QUOVELLA KINCAID, and

VINCENT R. KINCAID, JR,  minor, by his parent, QUOVELLA KINCAID, by and through

their attorney, Irene K. Dymkar, and complaining against defendants, state as follows:

**NATURE OF CLAIM**

1.      This action arises under the United States Constitution and the laws of the United

States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983) and 28 U.S.C. § 2201, to redress

deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed

under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of willful and wanton conduct, malicious prosecution, and intentional infliction of emotional distress.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because a defendant or defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiffs were and are citizens of the United States, and reside within the jurisdiction of this court.

6. Plaintiffs SHAQUELLA M. KINCAID and VINCENT R. KINCAID, JR. were and are minors appearing by and through their parent, QUOVELLA KINCAID.

7. Defendant DOROTHY BROWN (hereinafter BROWN) is currently the Clerk of the Circuit Court of Cook County, Illinois, and she is being sued in her official capacity and in her individual capacity, as an individual acting under color of state law.

8. Defendant THOMAS DART (hereinafter DART) is currently Sheriff of Cook County, Illinois, and he is being sued in his official capacity and in his individual capacity, as an individual acting under color of state law.

9.     At all times herein mentioned, defendant SAM WILLIAMS was and is acting under color of state law and as the employee or agent of the Clerk of the Circuit Court of Cook County, Illinois.  He is being sued in his individual capacity.

10.     At all times herein mentioned, defendants UNKNOWN NUMBER OF UNNAMED EMPLOYEES OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS (hereinafter UNKNOWN CLERK EMPLOYEES) were and are acting under color of state law and as the employees or agents of the Clerk of the Circuit Court of Cook County, Illinois.  They are being sued in their individual capacities and plaintiffs will move to amend this complaint once their names are known.

11.     At all times herein mentioned, defendants MARTHA DICARO (hereinafter DICARO) and MARGARET BYRNE (hereinafter BYRNE) were and are acting under color of state law and as employees or agents of the Sheriff of Cook County, Illinois.  They are being sued in their individual capacity.

12.     At all times herein mentioned, defendants UNKNOWN NUMBER OF UNNAMED EMPLOYEES OF THE SHERIFF OF COOK COUNTY, ILLINOIS (hereinafter UNKNOWN SHERIFF EMPLOYEES) were and are acting under color of state law and as the employees or agents of the Sheriff of Cook County, Illinois.  They are being sued in their individual capacities and plaintiffs will move to amend this complaint once their names are known.

13.     At all times herein mentioned, defendants KEITH M. GILLEY (hereinafter GILLEY) and TIMOTHY MERRIMAN (hereinafter MERRIMAN) were officers with the Illinois State Police and were acting under color of state law and as the employees or agents of the Illinois State Police.  They are being sued in their individual capacity.

3

14.     At all times herein mentioned, defendant UNKNOWN UNNAMED OFFICERS OF

THE ILLINOIS STATE POLICE (hereinafter UNKNOWN OFFICERS) were officers with the

Illinois State Police and were acting under color of state law and as the employees or agents of the

Illinois State Police.  They are being sued in their individual capacity.

15.     Defendant COOK COUNTY, ILLINOIS (hereinafter COOK COUNTY) is a

governmental corporation, duly organized under the laws of the State of Illinois.  Defendant

COOK COUNTY maintained, managed, operated, or is responsible for the Office of the Clerk of the

Circuit Court of Cook County, Illinois, and the Sheriff of Cook County, Illinois.  COOK COUNTY is

an indispensable party in this action.

## FACTS

16.     In 2001, plaintiff QUOVELLA KINCAID obtained a temporary order of protection

against plaintiff VINCENT R. KINCAID which expired in 2001 and should have been removed from

the police computer database.

17.     Defendant BROWN, as Clerk of the Circuit Court of Cook County, Illinois, is

responsible for processing, reporting, relaying, and correcting information regarding orders of

protection to the police.

18.     Defendants BROWN, as an individual, WILLIAMS, and UNKNOWN CLERK

EMPLOYEES had and have supervisory functions in which they deal with ministerial tasks.  Said

defendants knew and have known about the conduct complained of herein regarding the 2001 order of

protection since 2001 and, more particularly, since the commencement of this action on May 16,

2007, and have failed to take any action to correct or ameliorate the situation.

4

19.     Defendants BROWN, as an individual, WILLIAMS, and UNKNOWN CLERK EMPLOYEES willfully and wantonly and improperly entered the Kincaid temporary order of protection into the police computer database and willfully and wantonly failed to take action, and continue to willfully and wantonly fail to take action, to correct or remove the Kincaid temporary order of protection from the police computer database.

20.     Defendant DART, as Sheriff of Cook County, Illinois, is responsible for processing, reporting, relaying, and correcting information regarding orders of protection received from the Clerk of the Circuit Court of Cook County, Illinois.

21.     Defendant DART, as Sheriff of Cook County, Illinois, has express official policies and/or practices so permanent and well-settled as to constitute a custom or usage with the force of law which allow incorrect or incomplete information regarding orders of protection to be entered into the police computer database or which allow the failure of correct or complete information to be entered into the police computer database.

22.     Defendant DART, as Sheriff of Cook County, Illinois, has a policy or custom of inadequate training or supervision of employees amounting to deliberate indifference to the rights of citizens pertaining to orders of protection.

23.     Defendants DART, as an individual, DICARO, and UNKNOWN SHERIFF EMPLOYEES had and have supervisory functions in which they deal with ministerial tasks. Said defendants knew and have known about the conduct complained of herein regarding the 2001 order of protection since 2001 and, more particularly, since the commencement of this action on May 16, 2007, and have failed to take any action to correct or ameliorate the situation.

5

24. Defendants DART, as an individual, DICARO, BYRNE, and UNKNOWN SHERIFF EMPLOYEES willfully and wantonly and improperly entered the Kincaid temporary order of protection into the police computer database and willfully and wantonly failed to take action, and continue to willfully and wantonly fail to take action, to correct or remove the Kincaid temporary order of protection from the police computer database.

25. The 2001 Kincaid temporary order of protection was still on the police computer database on April 3, 2006, and, upon information and belief, still remains on the police computer database, uncorrected, to this date.

26. On April 3, 2006, at approximately 11:30 AM, plaintiff VINCENT R. KINCAID and his minor children, SHAQUELLA M. KINCAID, and VINCENT R. KINCAID, JR., were lawfully in a vehicle in a public place, northbound on Route I-57, in Union County, Illinois, Illinois State Police District 22, returning from vacation, and were engaged in lawful conduct.

27. Defendants GILLEY and MERRIMAN drove alongside plaintiffs' vehicle for about a mile, staring at plaintiffs, and then pulled over and stopped plaintiffs' vehicle.

28. Defendants GILLEY and MERRIMAN stopped plaintiffs and their vehicle without reasonable suspicion that plaintiffs were involved in any criminal activity and without any other legal cause.

29. Plaintiff VINCENT R. KINCAID and his minor children, SHAQUELLA M. KINCAID and VINCENT R. KINCAID, JR., are black.

30. Defendants GILLEY and MERRIMAN, who are white, did not pull over and stop any vehicle occupied by white drivers and passengers.

31. Defendants GILLEY and MERRIMAN engaged in racial profiling and harassment.

6

32.     Defendants GILLEY and MERRIMAN performed a search of plaintiffs' vehicle, without a warrant, without probable cause, and after obtaining a coerced consent.

33.     Defendants GILLEY and MERRIMAN asked plaintiff VINCENT R. KINCAID if the children in his vehicle were his and plaintiff answered in the affirmative.

34.     Defendants GILLEY and MERRIMAN detained plaintiffs and after a check, informed plaintiff VINCENT R. KINCAID that a 2001 temporary order of protection was in their computer system.  They handcuffed plaintiff VINCENT R. KINCAID in front of his children and placed him and his children in police custody.

35.     Despite oral and faxed communications on the road and back at the police station from plaintiff QUOVELLA KINCAID and the Office of the Clerk of the Circuit Court of Cook County that indicated that the 2001 temporary order of protection had long expired and was not active, defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS formally arrested and charged plaintiff VINCENT R. KINCAID with violating an order of protection.

36.     Defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS charged plaintiff  VINCENT R. KINCAID as well with speeding and driving without a license and gave him a "stop card and written warning" for improper lane usage and "window obstruction," having a cap in his window.

37.     Defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS impounded and towed plaintiff VINCENT R. KINCAID's car.

38.     Defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS filed an abuse and neglect report with the Illinois Department of Children and Family Services (DCFS).

7

39.     Plaintiff VINCENT R. KINCAID was incarcerated and his children were taken into DCFS custody and assigned to separate foster homes.  Plaintiff VINCENT R. KINCAID, JR., who is a special education student with physical disabilities, was five years old at the time.  Plaintiff SHAQUELLA M. KINCAID was fourteen years old at the time.

40.     Plaintiff VINCENT R. KINCAID was crying and pleading with defendants not to take his children away, but to no avail.  The minor plaintiffs were totally distraught.

41.     Finally, after numerous frantic phone calls, plaintiff QUOVELLA KINCAID was able to convince an Assistant State's Attorney to intervene.  Plaintiff VINCENT R. KINCAID and his children, plaintiffs VINCENT R. KINCAID, JR. and SHAQUELLA M. KINCAID, were then released from custody.

42.     On or about May 16, 2006, all charges brought against plaintiff VINCENT R. KINCAID were dismissed by the court.

43.     VINCENT R. KINCAID was not allowed to retrieve the vehicle he was driving. Plaintiff QUOVELLA KINCAID and the children's two grandmothers drove from Chicago to pick up plaintiff VINCENT R. KINCAID and his children, plaintiffs VINCENT R. KINCAID, JR. and SHAQUELLA M. KINCAID.

44.     Plaintiffs incurred hotel and other expenses and plaintiff VINCENT R. KINCAID was required to pay substantial rental, towing, and storage charges for the vehicle he was driving.

45.     Plaintiffs thereafter were told by DCFS that it had concluded its investigation of the report of suspected child abuse or neglect and would not file a petition for wardship.

46.     By reason of all the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiffs sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to their damage.

47.     The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

48.     The acts alleged in the state claims were committed by defendants DART, as an individual, DICARO, BYRNE, and UNKNOWN SHERIFF EMPLOYEES while in the course of their employment and in furtherance of the employment with the Sheriff of Cook County or Cook County, and said employers are thus liable to plaintiffs on the state claims under the doctrine of *respondeat superior.*

49.     By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I - Declaratory and injunctive relief against BROWN, officially, DART, officially, and COOK COUNTY by all plaintiffs

50.     All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their entirety.

51.     Defendant BROWN, as Clerk of the Circuit Court of Cook County, Illinois, is responsible for processing, reporting, relaying, and correcting information regarding orders of protection to the police.

52.     Defendant DART, as Sheriff of Cook County, Illinois, is responsible for processing, reporting, relaying, and correcting information regarding orders of protection received from the Clerk of the Circuit Court of Cook County, Illinois.

53.    By reason of said defendants' actions as set forth herein, plaintiffs have suffered and will continue to suffer extreme hardship and irreparable harm, and actual and impending damages in that, as long as the expired 2001 order of protection, and any other expired orders of protection, are in the police database system, plaintiffs remain vulnerable to the arrest, abuse, and DCFS placement they unjustifiably suffered on April 3, 2006, and thereafter.

54.    Plaintiffs have no adequate or speedy remedy at law regarding this conduct and equitable relief is the only means available to assure that their rights and safety are protected.

55.    There exists a real controversy between plaintiffs and said defendants over plaintiffs' rights and defendants' ongoing conduct towards plaintiffs.

56.    It is necessary therefore for the Court to declare the conduct of defendants BROWN, officially, DART, officially, and COOK COUNTY unconstitutional, to order said defendants to remove and expunge any and all expired orders of protection from the police database system, and to enjoin said defendants from enforcing any and all expired orders of protection.

## COUNT II - Monell claim against defendants DART, officially, and COOK COUNTY by all plaintiffs

57.    All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their entirety.

58.    Defendant DART, as Sheriff of Cook County, Illinois, is responsible for processing, reporting, relaying, and correcting information regarding orders of protection received from the Clerk of the Circuit Court of Cook County, Illinois.

59.    Defendant DART, as Sheriff of Cook County, Illinois, has express official policies and/or practices so permanent and well-settled as to constitute a custom or usage with the force of law

10

which allow incorrect or incomplete information regarding orders of protection to be entered into the police computer database or which allow the failure of correct or complete information to be entered into the police computer database.

60.     The 2001 Kincaid temporary order of protection was still on the police computer database on April 3, 2006, and, upon information and belief, still remains on the police computer database, uncorrected, to this date.

61.     The insults and injuries of April 3, 2006, would not have occurred if defendants' respective express policies or custom and usage did not exist.

62.     Plaintiffs' injuries continue to this date because the temporary order of protection is still active in the police computer database, rendering plaintiffs vulnerable to arrest and placement of the children in the custody of DCFS.

63.     By reason of the conduct of defendants DART, officially, and COOK COUNTY, all plaintiffs were deprived of rights, privileges and immunities secured to them by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT III - Failure to train or supervise claim against defendants DART, officially, and COOK COUNTY by all plaintiffs**

64.      All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their entirety.

65.     Defendant DART, as Sheriff of Cook County, Illinois, has a policy or custom of inadequate training or supervision of employees amounting to deliberate indifference to the rights of citizens pertaining to orders of protection.

11

66.     The insults and injuries of April 3, 2006, would not have occurred if defendants'
respective express policies or custom and usage did not exist.

67.     Plaintiffs' injuries continue to this date because the temporary order of protection is
still active in the police computer database, rendering plaintiffs vulnerable to arrest and placement of
the children in the custody of DCFS.

68.     By reason of the conduct of defendants DART, officially, and COOK COUNTY, all
plaintiffs were deprived of rights, privileges and immunities secured to them by the Fifth and
Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.
Therefore, said defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT IV - Failure to exercise proper supervisory authority claim against defendants
BROWN, as an individual, DART, as an individual, WILLIAMS, UNKNOWN CLERK
EMPLOYEES, DICARO, and UNKNOWN SHERIFF EMPLOYEES by all plaintiffs**

69.     All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their
entirety.

70.     Defendants BROWN, as an individual, DART, as an individual, WILLIAMS,
UNKNOWN CLERK EMPLOYEES, DICARO, and UNKNOWN SHERIFF EMPLOYEES in
supervisory positions, knew about the unconstitutional conduct alleged herein, and facilitated it,
approved of it, condoned it, and/or turned a blind eye to it. The alleged constitutional conduct
continued and still continues at defendants' direction and/or with their knowledge and consent.

71.     Defendants BROWN, as an individual, DART, as an individual, WILLIAMS,
UNKNOWN CLERK EMPLOYEES, DICARO, and UNKNOWN SHERIFF EMPLOYEES in
supervisory positions were personally involved in, directly responsible for, and caused the alleged
constitutional deprivation by failing to properly enter, correct, or remove the 2001 order of protection.

72.     By reason of the conduct of defendants BROWN, as an individual, DART, as an individual, WILLIAMS, UNKNOWN CLERK EMPLOYEES, DICARO, and UNKNOWN SHERIFF EMPLOYEES, all plaintiffs were deprived of rights, privileges and immunities secured to them by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, said defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT V - Denial of due process claim against defendants BROWN, as an individual,  DART, as an individual, WILLIAMS, UNKNOWN CLERK EMPLOYEES, DICARO, BYRNE, and UNKNOWN SHERIFF EMPLOYEES by all plaintiffs**

73.     All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their entirety.

74.     Defendants BROWN, as an individual, DART, as an individual, WILLIAMS, UNKNOWN CLERK EMPLOYEES, DICARO, BYRNE, and UNKNOWN SHERIFF EMPLOYEES willfully and wantonly and improperly entered the Kincaid temporary order of protection into the police computer database and willfully and wantonly failed to take action, and continue to willfully and wantonly fail to take action to correct or remove the Kincaid temporary order of protection from the police computer database.

75.     Defendants BROWN, as an individual, DART, as an individual, WILLIAMS, UNKNOWN CLERK EMPLOYEES, DICARO, BYRNE, and UNKNOWN SHERIFF EMPLOYEES were personally involved in, directly responsible for, and caused the unconstitutional deprivation by failing to properly enter, correct, or remove the 2001 order of protection in the police computer database.

76.     The insults and injuries of April 3, 2006, would not have occurred if defendants

13

had not failed to remove the Kincaid temporary order of protection from the police computer database.

77.     Plaintiffs' injuries continue to this date because the temporary order of protection is still active in the police computer database, rendering plaintiffs vulnerable to arrest and placement of the children in the custody of DCFS.  This constitutes a denial of due process.

78.     By reason of the conduct of defendants BROWN, as an individual, DART, as an individual, WILLIAMS, UNKNOWN CLERK EMPLOYEES, DICARO, BYRNE, and UNKNOWN SHERIFF EMPLOYEES, all plaintiffs were deprived of rights, privileges and immunities secured to them by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, said defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT VI - Willful and wanton misconduct claim against BROWN, as an individual, DART, as an individual, WILLIAMS, UNKNOWN CLERK EMPLOYEES, DICARO, BYRNE, UNKNOWN SHERIFF EMPLOYEES, DART, officially, and COOK COUNTY by all plaintiffs**

79.     All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their entirety.

80.     The acts of defendants BROWN, as an individual, DART, as an individual, WILLIAMS, UNKNOWN CLERK EMPLOYEES, DICARO, BYRNE, and UNKNOWN SHERIFF EMPLOYEES as alleged herein were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights.  Defendants' course of action shows an actual or deliberate intention to cause harm or, if not intentional, shows an utter disregard for the safety of plaintiffs and their property.

81.     Defendants owed a duty of care to plaintiffs and have violated said duty.

82.     Defendants BROWN, as an individual, DART, as an individual, WILLIAMS,

UNKNOWN CLERK EMPLOYEES, DICARO, BYRNE, and UNKNOWN SHERIFF

EMPLOYEES are liable to all plaintiffs under Illinois law for the state supplemental claim of willful

and wanton misconduct.

83.     Defendants DART, officially, and COOK COUNTY are liable pursuant to the doctrine

of *respondeat superior.*

### COUNT VII - Unconstitutional stop claim against defendants GILLEY and MERRIMAN OFFICERS by plaintiffs VINCENT R. KINCAID, SHAQUELLA M. KINCAID, and VINCENT R. KINCAID, JR.

84.     Plaintiffs VINCENT R. KINCAID, SHAQUELLA M. KINCAID, and

VINCENT R. KINCAID, JR. hereby reallege paragraphs 1 - 49, as if set forth herein in their

entirety.

85.     The stop of plaintiffs and their vehicle by defendants GILLEY and MERRIMAN

on April 3, 2006, was without reasonable suspicion that plaintiffs were involved in

any criminal activity and without any other legal cause.

86.     The stop was the result of racial profiling and harassment and thus in violation of

plaintiffs' right to equal protection under the law.

87.     By reason of the conduct of defendants GILLEY and MERRIMAN,

plaintiffs VINCENT R. KINCAID, SHAQUELLA M. KINCAID, and VINCENT R. KINCAID,

JR. were deprived of rights, privileges and immunities secured to them by the Fourth and

Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

Therefore, said defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT VIII - False arrest against defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS by plaintiffs VINCENT R. KINCAID, SHAQUELLA M. KINCAID, and VINCENT R. KINCAID, JR.**

88.     Plaintiffs VINCENT R. KINCAID, SHAQUELLA M. KINCAID, and

VINCENT R. KINCAID, JR. hereby reallege paragraphs 1 - 49, as if set forth herein in their

entirety.

89.     The arrest and detention of plaintiffs for the purpose of charging plaintiff

VINCENT R. KINCAID with false charges and of detaining minor plaintiffs SHAQUELLA M.

KINCAID, and VINCENT R. KINCAID, JR. for placement with DCFS, was without probable cause

and unreasonable.

90.     By reason of the conduct of defendants GILLEY, MERRIMAN, and UNKNOWN

OFFICERS, plaintiffs VINCENT R. KINCAID, SHAQUELLA M. KINCAID, and VINCENT R.

KINCAID, JR. were deprived of rights, privileges and immunities secured to them by the Fourth and

Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

Therefore, said defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.


**COUNT IX - Unconstitutional search and seizure claim against defendants GILLEY and MERRIMAN by plaintiff VINCENT R. KINCAID**

91.     Plaintiff VINCENT R. KINCAID hereby realleges paragraphs 1 - 49, as if set forth

herein in their entirety.

92.     The search and seizure by defendants GILLEY and MERRIMAN of

plaintiff's vehicle was performed without a warrant, without legal cause, and after obtained a

coerced consent, thus invading and violating plaintiff's security and privacy.

93.     By reason of the conduct of defendants GILLEY and MERRIMAN,

plaintiff VINCENT R. KINCAID was deprived of rights, privileges and immunities secured to

him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws

enacted thereunder.  Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT X - Due process claim against defendants GILLEY, MERRIMAN, and UNKNOWN
OFFICERS  by all plaintiffs**

94.     All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their

entirety.

95.     By taking the minor plaintiffs into protective custody with no reasonable suspicion

of child abuse or neglect and no hearing, defendants GILLEY, MERRIMAN, and UNKNOWN

OFFICERS deprived the minor plaintiffs and their plaintiff parents of fair proceedings and life and

liberty.   These acts were intentional and material, and violated plaintiffs' due process rights.

96.     By reason of the conduct of defendants GILLEY, MERRIMAN, and UNKNOWN

OFFICERS, all plaintiffs were deprived of rights, privileges and immunities secured to them by the

Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder. Therefore, said defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT XI - Due process claim against defendants GILLEY, MERRIMAN, and UNKNOWN
OFFICERS by plaintiff VINCENT R. KINCAID**

97.     Plaintiff VINCENT R. KINCAID hereby realleges paragraphs 1 - 49, as if set forth

herein in their entirety.

98.     By impounding plaintiff's vehicle without legal cause and without a hearing,

defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS deprived plaintiff of fair

proceedings and property. These acts were intentional and material, and violated plaintiff's due process rights.

99.     By reason of the conduct of defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS, plaintiff VINCENT R. KINCAID was deprived of rights, privileges and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT XII - Malicious prosecution claim against defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS by plaintiff VINCENT R. KINCAID

100.    Plaintiff VINCENT R. KINCAID hereby realleges paragraphs 1 - 49, as if set forth herein in their entirety.

101.    Defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS maliciously caused charges to be filed and prosecuted against plaintiff VINCENT R. KINCAID. There was no probable cause for the institution of charges against him. Court proceedings were commenced and continued maliciously.

102.    Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these charges and was injured emotionally and otherwise from the loss of certain liberty and related rights.

103.    The charges were terminated in the plaintiff's favor on or about May 16, 2006.

104.    Defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS are liable to plaintiff VINCENT R. KINCAID under Illinois law for the state supplemental claim of malicious prosecution.

18

**COUNT XIII - Intentional infliction of emotional distress against defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS by all plaintiffs**

105.     All plaintiffs hereby reallege paragraphs 1 - 49, as if set forth herein in their entirety.

106.     The conduct of defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS, including racial profiling and humiliation of plaintiffs, the handcuffing and formal arrest of plaintiff VINCENT R. KINCAID in front of his children, and the malicious insistence on taking the minor plaintiffs, including a disabled boy, from their father and placing them with DCFS to be assigned to a foster home, despite the frantic pleas of the parents, was extreme and outrageous.

107.     Defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so.

108.     Defendants' conduct did, in fact, cause plaintiffs severe emotional distress.

109.     Defendants GILLEY, MERRIMAN, and UNKNOWN OFFICERS are liable to all plaintiffs under Illinois law for the state supplemental claim of intentional infliction of emotional distress.

WHEREFORE, plaintiffs, VINCENT R. KINCAID, QUOVELLA KINCAID, SHAQUELLA M. KINCAID, minor, by her parent, QUOVELLA KINCAID, and VINCENT R. KINCAID, JR,  minor, by his parent, QUOVELLA KINCAID, respectfully ask the Court to grant:

> A.  An order declaring the conduct of defendants BROWN, officially, DART, officially, and COOK COUNTY unconstitutional, ordering said defendants to remove and expunge any and all expired orders of protection from the police database system, and enjoining said defendants from enforcing any and all expired orders of protection.

19

B.  A judgment for plaintiffs and against all defendants for compensatory damages in an amount to be determined at trial.

C.  A judgment for plaintiffs and against all defendants for punitive damages in an amount to be determined at trial.

D.  An award for plaintiffs and against all defendants for reasonable attorneys' fees.

E.   An award for plaintiffs and against all defendants for costs and expenses of this action.

F.   Such other and further relief as to the Court seems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY OF THIS CLAIM..**

Dated: April 3, 2008                    Respectfully submitted,

                                        /s      Irene K. Dymkar
                                              Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 West Adams, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 3rd day of April, 2008,  a copy of

**PLAINTIFFS' SECOND AMENDED COMPLAINT** was served upon defendants' counsel

set forth below electronically, through the court's electronic filing system:


Alice E. Keane
Assistant Attorney General
100 W. Randolph St., 13th floor
Chicago, IL 60601

Daniel J. Fahlgren
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602


/s      Irene K. Dymkar
            Irene K. Dymkar

21